IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| JAMES ERNEST MENDENHALL, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>LEVERN COHEN, WARDEN, )<br>)<br>Respondent. )<br>_____ ) | Civil Action No. 3:10-1868-RMG-JRM<br><br>**REPORT AND RECOMMENDATION** |

Petitioner, James Ernest Mendenhall ("Mendenhall"), is an inmate at the South Carolina Department of Corrections serving a sentence of 10 years imprisonment for failure to stop for a blue light involving a serious injury, plus five years for possession of a stolen motor vehicle, and four years and six months for violation of a previously imposed sentence of probation. Mendenhall filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 which was received by the Court on July 27, 2010.[1] Respondent filed a return and motion for summary judgment on September 27, 2010. Because Mendenhall is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on September 28, 2010 advising him of his responsibility to respond to the motion for summary judgment. Mendenhall filed a response on November 5, 2010.

---

[1]This case was originally assigned to the Honorable Joseph F. Anderson, Jr., United States District Judge. On August 19, 2010, it was reassigned to the Honorable Richard M. Gergel, United States District Judge.

1

## Background and Procedural History

On April 28, 2006, Mendenhall was on probation for a grand larceny conviction. On that day, he was driving a stolen motor vehicle in Greenville County. A police officer recognized the vehicle as having been reported stolen and attempted a traffic stop. A high speed chase ensued resulting in a collision with two other vehicles. A person in one of the other vehicles suffered a broken collar bone and a fractured pelvis. Mendenhall fled the scene on foot but was shortly thereafter arrested. Mendenhall was released on bond, but was subsequently arrested on a criminal domestic violence charge. At that point, he was served with a probation violation warrant. The record shows that Mendenhall committed numerous violations of his probation in addition to the charges resulting from the incident of April 28, 2006. Mendenhall was represented by Dorothy Manigault, Esquire. On December 18, 2006, he pled guilty to the blue light charge and possession of a stolen vehicle. His probation was also revoked.

In sentencing Mendenhall, the court stated:

I'm going to revoke the grand larceny in full. I'm going to give him 10 years on the failure to stop for a blue light, and I'm going to give him five years for receiving - having possession of a stolen 2007 Mazda consecutive to that 10 year sentence.

(App. 13-14).

Mendenhall did not file a direct appeal. He filed an application for post-conviction relief on February 26, 2007. An amended application was filed on July 5, 2007. An evidentiary hearing was held on November 15, 2007. Mendenhall was represented by Caroline M. Horlbeck, Esquire. (App. 29). The PCR court filed an order of dismissal on January 7, 2008. A petition for writ of certiorari was filed by the South Carolina Commission on indigent defense raising the following issue:

> Trial counsel erred in failing to obtain clarification of petitioner's sentence either by requesting the exact sentence at the plea proceeding or by moving for clarification via a post-trial motion or by filing an appeal in order for the appellate court to interpret the sentence.

The South Carolina Supreme Court transferred the case to the Court of Appeals pursuant to state procedure. The petition was denied on November 25, 2009.

## Grounds for Relief

In his present petition, Mendenhall asserts he is entitled to a writ of habeas corpus on the following grounds:

**GROUND ONE:**   Ineffective Assistance of Counsel

> Supporting Facts: Counsel failed to investigate, advise Petitioner that he had a right to an appeal, failure to advise, in advance of the plea, that a five year sentence was not guaranteed, negotiate a reduce charge, challenge the date and signature on the indictments, move to quash the indictments, and failed to obtain clarification of the exact sentence given at the plea proceedings.

**GROUND TWO:**   Denial of Constitutional Right to be Informed of Right to Appeal Conviction.

> Supporting Facts: Petitioner was not made aware by Counsel nor the Court that he had a Constitutional right to appeal the plea Court's decision.

## Discussion

Since Mendenhall filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), *cert. denied,* 521 U.S. 371 (1998) and Green v. French, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings

3

>unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has addressed procedure under § 2254(d). *See* Williams v. Taylor, 529 U.S. 362 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

>A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases .... A state- court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent.
>
>* * *
>
>[A] state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the] Court's precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

*Id.* at 1519-20. Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 1521.

**Procedural Bar**

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two

4

theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

### 1.     Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
> > (A)  the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i)  there is either an absence of available State corrective process; or
> >
> > (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2)  An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3)  A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state

courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court.  *See* O'Sullivan v. Boerckel, 526 U.S. 838 ( 1999).

> The United States Supreme Court has consistently enforced the exhaustion requirement.
>> The exhaustion doctrine existed long before its codification by Congress in 1948.  In Ex parte Royall, 117 U.S. 241, 251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act....

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. *See* SCACR 207(b)(1)(B) and Blakeley v. Rabon, 266 S.C. 68, 221 S.E.2d 767 (1976).  The second avenue is by filing an application for post-conviction relief ("PCR").  See S.C. Code Ann. § 17-27-10 *et seq.*   A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45. A PCR applicant is also required to state all of his grounds for relief in his application.  *See*, S. C. Code Ann. § 17-27-90.  A PCR applicant cannot assert claims on collateral attack which could have been raised on direct appeal.  Simmons v. State, 264 S.C. 417, 215 S.E.2d 883 (1975). Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. The South Carolina Supreme Court will only consider claims specifically addressed by the PCR court.  If the PCR court fails to address a claim as is required by S.C.Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment

pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. Marlar v. State, 375 S.C. 407, 653 S.E.2d 266 (2007). In Bostic v. Stevenson, 589 F.3d 160, 162-65 (4th Cir. 2009), the Fourth Circuit held that, prior to the decision of the South Carolina Supreme Court in Marlar, that South Carolina courts had not consistently enforced a procedural bar based on the PCR applicant's failure to file a motion pursuant to Rule 59(e). Therefore, for matters in which the PCR court ruled prior to Marlar (i.e., November 5, 2007), this Court should not consider the failure of the applicant to file a Rule 59(e) motion to obtain a ruling on a properly raised issue as a procedural bar.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim.[2] Further, he may present only those claims which have been squarely presented to the South Carolina appellate courts. "In order to avoid procedural default [of a claim], the substance of [the] claim must have been fairly presented in state court...that requires the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999) (internal quotes and citations omitted). If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts, Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983). If petitioner has failed to

---

[2]In cases where the South Carolina Supreme Court applied a procedural bar, however, this court is directed to also apply that bar, except in certain limited circumstances. See discussion below on procedural bypass.

raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims. *See* Rose v. Lundy, *supra*.

### 2.     Procedural Bypass[3]

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

---

[3]This concept is sometimes referred to as procedural bar or procedural default. If a petitioner procedurally bypasses his state remedies, he is procedurally barred from raising them in this court.

Although the federal courts have the power to consider claims despite a state procedural bar,

> the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both 'cause' for noncompliance with the state rule and 'actual prejudice resulting from the alleged constitutional violation.'

Smith v. Murray, *supra*, quoting Wainwright v. Sykes, 433 U.S. at 84 (1977); *see also* Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. *See* Murray v. Carrier, 477 U.S. 478, 496 (1986).

### 3.     Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner in this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts, and this court is barred from considering the claim (absent a showing of "cause" and "actual prejudice"). In such an instance, the exhaustion requirement is "technically met" and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997); cert. denied, 522 U.S. 833 (1997) citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-98 (1989); and George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996).

### 4.     Excusing Default

The requirement of exhaustion is not jurisdictional, and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1989). First, a petitioner may obtain review of a procedurally barred claim by establishing cause for the default and actual prejudice from the failure to review the claim. Coleman v. Thompson, 501 U.S. at 750 and Gary v. Netherland, 518 U.S. 152, 162 (1996). Second, a petitioner may rely on the doctrine of actual innocence.

A petitioner must show both cause and actual prejudice to obtain relief from a defaulted claim. In this context, "cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986). A petitioner may establish cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, demonstrate the novelty of his claim, or show interference by state officials. Murray v. Carrier; Clozza v. Murray, 913 F.3d 1092 (4th Cir. 1990), *cert. denied*, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir.), *cert. denied*, 485 U.S. 1000 (1988). Because a petitioner has no constitutional right to counsel in connection with a PCR application and/or an appeal from the denial thereof, he cannot establish cause for procedural default of a claim by showing that PCR counsel was ineffective. Wise v. Williams, 982 F.2d 142, 145 (4th Cir. 1992) *cert. denied*, 508 U.S. 964 (1993). A petitioner must show reasonable diligence in pursuing his claim to establish cause. Hoke v. Netherland, 92 F.3d 1350, 1354 n. 1 (4th Cir. 1996). Further, the claim of cause

must itself be exhausted. Edwards v. Carpenter, 529 U.S. 446 (2000) (failure of counsel to present issue on direct appeal must be exhausted in collateral proceeding as ineffective assistance to establish cause for default).

Generally, a petitioner must show some error to establish prejudice. Tucker v. Catoe, 221 F.3d 600, 615 (4th Cir.), *cert. denied*, 531 U.S. 1054 (2000). Additionally, a petitioner must show an actual and substantial disadvantage as a result of the error, not merely a possibility of harm to show prejudice. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997).

"Actual innocence" is not an independent claim, but only a method of excusing default. O'Dell v. Netherland, 95 F.3d 1214, 1246 (4th Cir. 1996), *aff'd*, 521 U.S. 151 (1997). To prevail under this theory, a petitioner must produce new evidence not available at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999). A petitioner may establish actual innocence as to his guilt, *Id.*, or his sentence. Matthews v. Evatt, 105 F.3d 907, 916 (4th Cir. 1997).

### 5.     Procedure

Procedural default is an affirmative defense which is waived if not raised by respondents. Gray v. Netherland, 518 U.S. at 165-66. It is petitioner's burden to raise cause and prejudice or actual innocence. If not raised by petitioner, the court need not consider the defaulted claim. Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), *cert. denied*, 517 U.S. 1171 (1996).

Respondent argues that all of Mendenhall's grounds for relief are procedurally barred. It is apparent that Mendenhall's claims which were not presented to the South Carolina Supreme Court are procedurally barred. These claims were adequately raised in the PCR process and

rejected by the PCR court.  However, the failure to present these claims in the petition for writ of certiorari is fatal absent a showing of cause, prejudice and/or actual innocense.  Mendenhall has made no such showing.

The single issue raised in the PCR appeal, failure to obtain clarification of whether the sentence imposed for violation of probation was concurrent or consecutive to the other sentences imposed, was not alleged in the PCR application. No mention of the issue was made until Mendenhall's trial attorney was questioned about it at the PCR hearing.  Trial counsel conceded that an appeal "probably" could have addressed the issue and that she had made no "application to SCDC to clarify the sentence." (App. 90-91).  The issue was not addressed by the PCR court, and Mendenhall made no Rule 59(e) motion to require the PCR court to rule on it.  The PCR hearing was held after the Marlar decision was issued by the Supreme Court.  Therefore, based on Marlar, the South Carolina Supreme Court would not have considered the issue and instead applied a procedural bar.  Therefore, the undersigned concludes that the issue raised in the petition for writ of certiorari following denial of the PCR is also procedurally barred and should not be considered by this Court.

However, this does not mean that Mendenhall is precluded from obtaining a review of his sentence as calculated by SCDC. In Al-Shabazz v. State, 338 S.C. 354, 527 S.E.2d 742 (2000), the South Carolina Supreme Court addressed state procedures to be used by inmates who wish to challenge their convictions or sentences and those who wish to challenge "non-collateral matters." Generally, inmates who wish to challenge the constitutionality of their convictions or sentences are required to file an application for post-conviction relief in the Court of Common Pleas and, if no relief is granted, seek review by filing a petition for writ of certiorari in the South

Carolina Supreme Court. The Supreme Court in <u>Al-Shabazz</u> provided a different path for inmates who wished to seek review of "non-collateral and administrative matters decided by" SCDC. *Id.* at 754. The Supreme Court held that an inmate, after completing the SCDC grievance procedure, could seek review by filing an appeal with the Administrative Law Judge Division ("ALJD").[4] *Id.* at 754. Judicial review of the ALJD decision is obtained by filing a petition in the state circuit court. Last, the inmate can seek "appellate review of a final judgment of the circuit court in the manner prescribed for civil cases. S.C.Code Ann. § 1-23-390 (1986)." *Id.* at 756. <u>Hendricks v. Cohen</u>, 2009 WL 536566, 3 (D.S.C.).

This process is available to Mendenhall to seek clarification of his sentence. *See* <u>Kirby v. Warden Perry Correctional Institution</u>, 2010 WL 2802363 (D.S.C.).

### Conclusion

Based on a review of the record, it is recommended that Respondent's motion for summary judgment be **granted**.

_____
Joseph R. McCrorey
United States Magistrate Judge

March 4, 2011
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

---

[4]The ALJD is an executive branch entity created by the legislature to review agency decisions. *See* S.C.Code Ann. §§ 1-23-500, *et. seq*. It is now called the Administrative Law Court ("ALC").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).