IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Earnest Mendenhall, ) | Civil Action No. 3:10-cv-1868-RMG-JRM |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Levern Cohen, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |

This is a *pro se* Petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. As a result, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C. The Magistrate has issued a Report and Recommendation that Respondent's motion for summary judgment should be granted. (Dkt. No. 10). Plaintiff has failed to object to the R & R. As shown herein, this Court has reviewed the Record for any errors of law and agrees with the Magistrate Judge's report and adopts it as the Order of this Court.

## LAW/ANALYSIS

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This

1

Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

The Court has reviewed the Report and Recommendation for any clear errors of law and has found none. The Court agrees with the findings and conclusions of the Magistrate Judge. A thorough review of the Record reflects that Petitioner failed to demonstrate that the state court unreasonably misapplied clearly established federal law in rejecting his claim or that the Court made objectively unreasonable factual findings. *See Williams v. Taylor*, 529 U.S. 362, 410 (2000); 28 U.S.C. § 2254(d), (e)(1). Further, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. § 2254 (b) –(c); *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). If petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims. *See Rose v. Lundy*, 455 U.S. 509, 515 (1982). If state rules preclude the claim from returning to state court, the petitioner has procedurally bypassed his opportunity for relief in both the state courts and this court. *See Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997); *cert. denied*, 522 U.S. 833 (1997) *citing Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). However, Petitioner may still have an opportunity to raise his claim if he can demonstrate excusable default. *Id.* When considering claims that have not been before the South Carolina Supreme Court, default will be excused only if the petitioner can show both cause and actual prejudice. *Coleman v. Thompson*, 501 U.S. at 750. Additionally, to prevail under "actual innocence," a supplementary method of

excusing default, a petitioner must produce new evidence that was not available at trial to establish his factual innocence. *Royal v. Taylor*, 188 F.3d 239 (4th Cir. 1999). If these issues are not raised by the petitioner, the court need not consider the defaulted claim. *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995), *cert. denied*, 517 U.S. 1171 (1996).

Here, Petitioner has raised claims that he failed to address in the PCR proceedings or in the petition for writ of certiorari. Accordingly, these claims are procedurally barred. Moreover, the only issue Petitioner raised in his PCR appeal, failure to obtain clarification of whether the sentence imposed for violation of probation was concurrent or consecutive to the other sentences imposed, was never in the PCR application. Consequently, the PCR court did not address this issue, but even if it did, the issue would have also been procedurally barred. *See Marlar v. State*, 375 S.C. 407, 653 S.E.2d 266, 267 (S.C. 2007). Further, Petitioner cannot establish excusable procedural default due to ineffective assistance of counsel because a petitioner has no Constitutional right to counsel for a PCR application and/or an appeal. *Wise v. Williams*, 982 F.2d 142, 145 (4th Cir. 1992) *cert. denied*, 508 U.S. 964 (1993).

Petitioner is, however, able to obtain a review of the sentence SCDC issued. The South Carolina Supreme Court generally requires inmates who wish to challenge the constitutionality of their convictions or sentences to file an application for post-conviction relief in the Court of Common Pleas and, if no relief is granted, seek review by filing a petition for writ of certiorari in the South Carolina Supreme Court. *See Al-Shabazz v. State*, 338 S.C. 354, 527 S.E.2d 742 (2000). The Supreme Court provided a different path for inmates seeking review of "non-collateral and administrative matters decided by" SCDC. *Id.* at 754. The Supreme Court held that after completing the SCDC

grievance procedure, an inmate could file an appeal with the Administrative Law Judge Division ("ALJD")[1] for review. *Id.* at 754. Judicial review of the ALJD decision can be obtained by "a petition by an aggrieved party must be filed with the Circuit Court and served on the opposing party not more than thirty days after the party receives the final decision and order of the administrative law judge." *Id.*; S.C. Code Ann. § 1-23-610(B) (Supp.1999); *accord* S.C. Code Ann. § 1-23-380(A)(1) (Supp.1999). The inmate can seek "appellate review of a final judgment of the circuit court in the manner prescribed for civil cases." *Id.* at 756; S.C. Code Ann. § 1-23-390 (1986). Petitioner may follow the procedure explained above if he would like clarification of his sentence.

## CONCLUSION

After a thorough review of the record, magistrate's Report and Recommendation, and the relevant case law, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the Magistrate Judge's Report and Recommendation in its entirety as the Order of this Court and the Respondent's motion for summary judgment (Dkt. No. 10) is **GRANTED**.

### Certificate of Appealability

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

---

[1] The ALJD is an executive branch entity created by the legislature to review agency decisions. *See* S.C.Code Ann. §§ 1-23-500, *et. seq.* It is now called the Administrative Law Court ("ALC").

4

> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been meet. Therefore, a certificate of appealability is **denied**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March 24, 2011
Charleston, South Carolina